IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **MELISSA BRADSHAW DAVIS** § § § § § | |
| vs. § § § | CASE NO. 6:21-cv-288-KNM |
| § § § § § | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. The matter was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636. Before the Court is Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b) (ECF 29). The Commissioner filed a response (ECF 30), neither supporting nor opposing the requested fees.[1] For the reasons below, the motion should be **GRANTED**.

### *Background*

The Court reversed the Commissioner's final decision and remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act. ECF 24. Plaintiff subsequently filed a motion seeking attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). The Court granted the motion and awarded $6,804.89 in fees. As agreed

---

[1] Defendant's Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b), ECF 30, at *1.

to by the parties, those fees were ordered to be made payable to Plaintiff's counsel if it was determined that Plaintiff had not outstanding federal debt.[2]

On September 9, 2024, on remand from this Court, the Social Security Administration issued a favorable ruling to Plaintiff, determining that Plaintiff became disabled on January 1, 2019, and that she was entitled to benefits beginning in June 2019. Plaintiff filed the present motion seeking to recover fees for counsel's representation in this Court in the amount of $15,228.50, representing 25 percent of the awarded back payments that have been withheld by the Social Security Administration to pay her representative. Plaintiff states that the amount should be reduced by $7,200 to account for the $6,804.89 previously awarded and paid to counsel, plus a small additional sum to cover any fees that may be requested for work performed at the administrative level, leaving a net award of $8,028.50. The Commissioner's response takes no position on the request for a net fee award.[3]

## Discussion

In this case, Counsel seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). When a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The district court can only award fees for work performed before the district court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002).

---

[2] Order, ECF 28, at *3.
[3] Defendant's Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b), ECF 30, at *3.

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court concluded that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Courts, however, should consider certain factors in determining the reasonableness of a § 406(b) fee, including but not limited to: (1) the quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulated during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. With regard to whether the award is a "windfall" for counsel, a district court may consider "lodestar" factors, but the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("[W]e conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage").

Counsel asserts that he has a contingent fee agreement with Plaintiff for 25 percent of all past-due benefits awarded. Twenty-five percent of the amount awarded for past-due benefits in this case is $15,228.50. Counsel seeks to recover the full 25 percent pursuant to § 406(b), minus the amount of previously awarded EAJA fees and a small amount to cover work performed at the administrative level. Counsel submitted documentation of the fee agreement, the notice of award and the time spent working on Plaintiff's federal lawsuit.

There is no showing that the requested amount is unreasonable, that there was an unreasonable delay in the litigation caused by counsel or that the requested award would be a "windfall" to counsel. In this case, counsel bore the risk of representing Plaintiff on a contingent

fee basis and was ultimately successful in obtaining a substantial past-due payment for Plaintiff. The issues were fully briefed in this Court and resulted in an opinion on the merits reversing the Commissioner's decision and remanding the matter for further consideration. In the absence of any specific facts demonstrating that the requested fee amount is unearned, the average hourly rate does not provide a basis for finding that the requested fee is unreasonable. In response to the motion, the Commissioner does not assert that the requested fee is unreasonable.

For these reasons, the requested fee is reasonable. It is

**ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b) (ECF 29) is **GRANTED**. Counsel, Bryan Konoski, is awarded the sum of $15,228.50 to be paid out of Plaintiff Melissa Bradshaw Davis' past-due benefits for representation before the Court in this matter in accordance with agency policy, minus $7,200 to account for the previously awarded EAJA fees of $6,804.89 paid to counsel and anticipated fees for work performed at the administrative level, for a net award of **$8,028.50**.

So ORDERED and SIGNED this 26th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4